# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MARIAN WYNNE, ) | |
| ) | Case No. 1:16-CV-260 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| NANCY A. BERRYHILL, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

Before the Court are cross-motions for summary judgment. (Docs. 16, 21.) The Court referred the matter to Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and Rule 72 of the Federal Rules of Civil Procedure, for a report and recommendation. On July 14, 2017, Magistrate Judge Lee entered a report and recommendation, recommending that the Court: (1) deny Plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the Commissioner's decision denying Plaintiff supplemental social security income. (*See generally* Doc. 23.) Plaintiff timely filed objections to Magistrate Judge Lee's report and recommendation (Doc. 24), and Defendant responded (Doc. 25). For the reasons stated herein, the Court will: (1) **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation (Doc. 23); (2) **DENY** Plaintiff's motion for summary judgment (Doc. 16); (3) **GRANT** Defendant's motion for summary judgment (Doc. 21); and (4) **AFFIRM** the Commissioner's decision to deny Plaintiff supplemental social security income.

## I. BACKGROUND

In her report and recommendation, Magistrate Judge Lee detailed the procedural and factual background underlying this matter. The parties have not objected to Magistrate Judge Lee's recitation of the facts, and the Court finds that the facts set forth in the report and recommendation are accurate. Accordingly, for the purposes of reviewing Plaintiff's objections to Magistrate Judge Lee's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts set forth in the report and recommendation. (Doc. 23.)

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). In doing so, the Court's standard of review is essentially the same as the magistrate judge's—review is limited to determining if the administrative law judge's ("ALJ") findings are supported by substantial evidence and if proper legal standards were applied. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" is "more than a mere scintilla" and means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 475 (6th Cir. 2003).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those

objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented," however, "is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Id*. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

### III. ANALYSIS

In this case, Plaintiff objects to the magistrate judge's report and recommendation, arguing that: (1) the ALJ failed to give appropriate weight to the opinions of her treating physician; and (2) the ALJ's decision was not supported by substantial evidence. Based on these arguments, Plaintiff contends the magistrate judge erred by failing to overrule the ALJ's decision denying her supplemental social security benefits. (*See* Doc. 24.)

In her motion for summary judgment, Plaintiff argued that the ALJ failed to give appropriate weight to the opinions of her treating physician and that the ALJ's decision was not supported by substantial evidence. (Doc. 16-1, at 1–4.) Magistrate Judge Lee considered these exact arguments and rejected them, finding that the ALJ provided good reasons for discounting the treating physician's opinions and that the ALJ's decision was supported by substantial evidence. (Doc. 23, at 6–14.) The Court agrees with Magistrate Judge Lee's well-reasoned

report and recommendation affirming the ALJ's decision, which, contrary to Plaintiff's arguments, is consistent with the standards set forth in *Gayhart v. Commissioner of Social Security*, 710 F.3d 365, 375–76 (6th Cir. 2012) (discussing the standards for weighing medical opinions).

## IV. CONCLUSION

For the reasons stated herein, the Court hereby: (1) **ACCEPTS** and **ADOPTS** the magistrate judge's report and recommendation (Doc. 23); (2) **DENIES** Plaintiff's motion for summary judgment (Doc. 16); (3) **GRANTS** the Commissioner's motion for summary judgment (Doc. 21); and (4) **AFFIRMS** the Commissioner's decision to deny Plaintiff supplemental social security income.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**